**Armando CAMPOS–RUIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–70998.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 20, 2003.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Edward C. Durant, Esq., Office of Immigration Litigation, Ben Franklin Station—Civil Division, Washington, DC, for Respondent.

Before: REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Armando Campos–Ruiz petitions for review of the Board of Immigration Appeals' denial of his motion to reopen. *See* 8 C.F.R. § 1003.2(a), (c). We deny the petition.

When presented with a motion to reopen, the BIA may reject it for lack of a showing of a prima facie case, on the basis that evidence was not previously unavailable, or on the basis that relief would not be granted anyway. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 912, 99 L.Ed.2d 90 (1988).

In the case at hand, the BIA did consider the new "facts" placed before it by Campos,[1] and determined that addition of those facts to the others already in the mix when it ruled on the direct appeal did not change the compound enough to spell out a prima facie case for relief. We cannot say that its decision was reversible error.

Petition DENIED.

REINHARDT, Circuit Judge, dissenting.

I do not believe that the BIA considered the new evidence under the proper standard. Campos–Ruiz had an absolute right to have his new evidence accepted in the same manner as all the other evidence placed before the BIA, not reviewed under the grudging rules applicable to motions to reopen.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** In that respect, the BIA's actions were different from those that we deprecated in *Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 878 (9th Cir.2003), where it refused to consider new information.

